UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        v.                                        3:06-cr-0074

YASSIN JABLOUN,

                           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    FACTS**

After a three day jury trial, Defendant was convicted of one count of marriage fraud in violation of 8 U.S.C. § 1325(c) and three counts of unlawfully obtaining an employment authorization card in violation of 18 U.S.C. § 1546(a). Presently before the Court is Defendant's motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33.

**II.    STANDARD OF REVIEW**

Defendant moves for relief pursuant to Fed. R. Crim. P. 29 and 33. Rule 29 "imposes a heavy burden on the defendant, whose conviction must be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." U.S. v. Florez, 447 F.3d 145, 154 (2d Cir. 2006) (internal quotations and citation omitted). "In assessing sufficiency, [the Court is] obliged to view the evidence in its totality

and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." Id.  "A court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir.1999) (internal quotation marks omitted).

With respect to the motion pursuant to Rule 33, as the Second Circuit has explained:

> Rule 33 itself states that "the court may grant a new trial to [a] defendant if the interests of justice so require." Fed. R. Crim. P. 33.  The rule by its terms gives the trial court "broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992).  The district court must strike a balance between weighing the evidence and credibility of witnesses and not "wholly usurp[ing]" the role of the jury. [United States v. Autori, 212 F.3d 105, 120 (2d Cir. 2000)].  Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." Sanchez, 969 F.2d at 1414.  An example of exceptional circumstances is where testimony is "patently incredible or defies physical realities," although the district court's rejection of trial testimony by itself does not automatically permit Rule 33 relief. Id.
>
> The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. See Sanchez, 969 F.2d at 1414.  The trial court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict.  Id. (internal quotation marks omitted).  The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation.  See id.  "There must be a real concern that an innocent person may have been convicted." Id.  Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority "sparingly" and in "the most extraordinary circumstances." Sanchez, 969 F.2d at 1414.

U.S. v. Ferguson, 246 F.3d 129, 133-34 (2d Cir. 2001).

**III.      DISCUSSION**

The basis of Defendant's motion is that there was insufficient evidence suggesting that he entered into the marriage for the purpose of evading the immigration laws or that he otherwise was aware of the crime and/or intended to further the commission of the crime. In support of this claim, Defendant argues that the trial testimony of the government's witness, Ashley Milton, contradicted her grand jury testimony. At trial, Milton testified that Defendant promised to financially contribute to her education whereas, in her grand jury testimony, Milton testified that an individual named Mohamed promised that Defendant would contribute to her education. Defendant similarly points out that, in her grand jury testimony, Milton testified that Mohamed made statements about terminating the marriage. Defendant argues that Milton, an individual who engaged in criminal activity, is entirely incredible and, therefore, her testimony should be disregarded. Lastly, Defendant argues that there was evidence, such as his having placed Milton on his health insurance policy, corroborating his claim of innocence.

The motion must be denied. The jury was entitled to weigh Milton's testimony, including her explanation concerning her testimony before the grand jury, and determine whether she was a credible witness. Having observed the trial, this Court firmly believes that a jury easily could have believed Milton's testimony concerning the circumstances in which the marriage was proposed to her, the benefits of the marriage to her, her obligations under the marriage, the proposed length of the marriage, and the purpose of the marriage. Milton's testimony was corroborated by the circumstantial evidence concerning the nature of the relationship between Defendant and Milton (not spending significant time together, not

engaging in sexual relations, and not dating), the timing of the marriage (shortly after the idea of marriage was proposed to Milton, and taking into consideration Defendant's immigration status), the wedding itself (a short civil service, after which Plaintiff went to work as a waitress and Defendant returned to Long Island), the time Defendant spent in Long Island away from his new bride, and Defendant's immigration status.  The Court finds that there was ample evidence upon which a rationale jury could find the essential elements of the crime beyond a reasonable doubt.  Thus, Defendant is not entitled to relief under Rule 29.

For similar reasons, the Court further finds that Defendant is not entitled to a new trial.  The trial evidence overwhelmingly pointed to Defendant having committed the charged offenses.  The verdict was supported by sufficient competent evidence that leaves the Court with no concern that an innocent person was wrongfully convicted.  There being no indication of a manifest injustice, the motion for a new trial is denied.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion for a judgment of acquittal pursuant to Rule 29 or, in the alternative, for a new trial pursuant to Rule 33 is DENIED.

IT IS SO ORDERED.

Dated: September 12, 2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge